IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-8944

CIV-MIDDLEBROOKS

MAGISTRATE
SANDSTRA

M. J. SHULMAN, INC., d/b/a SHULMAN
& ASSOCIATES, and ATLAS
MARKETING ASSOCIATES LIMITED,

Plaintiffs,

vs.

KARVI CORPORATION, RUSSO
SECURITIES, INC., THE ESTATE OF
PATRICK RUSSO, FERDINAND
RUSSO, RICHARD RUSSO, LAUREN
RUSSO, VIVIAN ZAMOST, KARLTON
ZAMOST and JOHN DOES 1 THRU 10,

Defendants.
_____/

### DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1441, and 1446, Defendants, KARVI CORPORATION, RUSSO SECURITIES, INC., FERDINAND RUSSO, RICHARD RUSSO, VIVIAN ZAMOST and KARLTON ZAMOST,[1] hereby file their Notice of Removal, and thereby remove the state court action entitled *M.J. Shulman, Inc., d/b/a Shulman & Associates, and Atlas Marketing Associates Limited v. Karvi Corporation, Russo Securities, Inc., the Estate of Patrick Russo, Ferdinand Russo,*

---

[1] Defendant, Karlton Zamost is deceased. Service on the decedent was effectuated through his wife, Defendant, Vivian Zamost. By joining in this Notice of Removal, the representatives of the decedent do not concede that the proper party has been named or served in this matter.



*Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost, and John Does 1 thru 10*, Civil Action No. CL 00-9042AN, filed in, and presently pending before, the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division.

1.  On September 15, 2000, Plaintiffs, M.J. Shulman, Inc., d/b/a Shulman & Associates ("Shulman") and Atlas Marketing Associates Limited ("Atlas"), filed a Complaint and Summons against Defendants in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida (the "State Action"). A copy of the Complaint, as well as Plaintiffs' Exhibit which was inadvertently omitted from the Complaint, are attached hereto as Exhibit "A."

2.  Defendants received actual notice of this action no earlier than September 27, 2000, when the Complaint was served upon Russo Securities, Inc.

3.  This Notice of Removal has been filed within thirty (30) days of the date on which Defendants received actual notice of the Complaint in the State Action, and accordingly, satisfies the time requirements set forth in 28 U.S.C. §1446(b).

4.  This action is removable pursuant to 28 U.S.C. §1441(a), because it is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. §1332(a):

    a)  Complete diversity of citizenship existed at the time this action was commenced, and continues to exist. Plaintiff, Shulman, is a Florida corporation with its principle place of business in Palm Beach County, Florida. Plaintiff, Atlas, is a foreign corporation doing business in Palm Beach County, Florida;

    b)  Defendant, Karvi Corporation ("Karvi"), is a foreign corporation, domiciled in New Jersey. Defendant, Russo Securities, Inc. ("Russo Securities"), is a foreign corporation. Defendant, the Estate of Patrick Russo, is sued as a representative of the late Patrick Russo, a former resident of the State of New York. Defendants, Ferdinand Russo, Richard Russo, and Lauren Russo, are residents of the State of New York. Defendants, Vivian Zamost and Karlton Zamost (now deceased), are residents of the State of New Jersey;

   c) The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, as demonstrated within paragraphs numbered 20, 27, 49 and 52 of Plaintiff's Complaint. [Exhibit "A"]

5. This petition for removal is filed by all Defendants served thus far.

6. Because the State Action is pending in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, removal is proper to this Court and this Division pursuant to 28 U.S.C. § 1441(a).

7. The Complaint filed in the State Action, attached hereto as Exhibit "A," constitutes the entire process, pleadings, and orders filed in the State Action.

8. Defendants have neither served any pleadings nor made any appearance or argument in the State Action.

9. As required by 28 U.S.C. § 1446(d); written notice of the filing of this Notice of Removal will be served upon Shulman and Atlas, the only adverse parties, simultaneously with its filing. Additionally, a duplicative copy of this Notice of Removal, without exhibits, will be filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.

10. The undersigned has read this Notice of Removal. To the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, this Notice of Removal is well grounded in fact, as warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purposes, such as to cause unnecessary delay or needless increase of the cost of litigation.

11. By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them.

WHEREFORE, Defendants, Karvi Corporation, Russo Securities, Inc., Ferdinand Russo, Richard Russo, Vivian Zamost and Karlton Zamost hereby give notice and remove this action to the

United States District Court for the Southern District of Florida, and the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, shall proceed no further.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and U.S. Mail this ___ day of October, 2000 to: Mark F. Raymond, Esq. and Mindy Pallot, Esq., Tew Cardenas Rebak Kellogg Lehman DeMaria & Tague, L.L.P., attorneys for Plaintiffs, 201 South Biscayne Boulevard, 26th Floor, Miami, FL 33131-4336.

KLUGER, PERETZ, KAPLAN & BERLIN
17th Floor, Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 379-9000
Fax: (305) 379-3428

By:_____
JASON S. OLETSKY, ESQUIRE
Fla. Bar No. 009301
MICHAEL S. PERSE, ESQUIRE
Fla. Bar No. 603619

::ODMA\WORLDOX\K:\0110\0375\M0015196.WPD

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

GENERAL CIVIL DIVISION

CASE NO. CL 00-9042 AN

M.J. SHULMAN, INC., d/b/a SHULMAN &
ASSOCIATES, and ATLAS MARKETING ASSOCIATES
LIMITED,

    Plaintiffs,

vs.

KARVI CORPORATION, RUSSO SECURITIES, INC.
THE ESTATE OF PATRICK RUSSO, FERDINAND
RUSSO, RICHARD RUSSO, LAUREN RUSSO, VIVIAN
ZAMOST, KARLTON ZAMOST and JOHN DOES
1 THRU 10,

    Defendants.

_____/

## COMPLAINT

Plaintiffs, M.J. Shulman, Inc., d/b/a Shulman & Associates and Atlas Marketing Associates Limited, sues Defendants, Karvi Corporation, Russo Securities, Inc., the Estate of Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost, and John Does 1 thru 10 and alleges:

### Jurisdiction, Venue, and Parties

1.    This is an action for damages that exceed $15,000.

2.    Plaintiff M.J. Shulman, Inc. d/b/a/ Shulman & Associates ("S&A"), is a Florida corporation with its principal place of business in Palm Beach County, Florida.

3.    Plaintiff Atlas Marketing Associates Limited ("Atlas"), is a foreign corporation,

EXHIBIT "A"

Shulman & Associates v. Karvi Corporation
Complaint

authorized to do business in and doing business in Palm Beach County, Florida, through its authorized agent, Manny J. Shulman who is a resident of Palm Beach County, Florida.

4. Defendant, Karvi Corporation ("Karvi"), is a foreign corporation, domiciled in New Jersey, that at all times material to this action acted as an agent for Russo Securities, Inc. and transacted business in Palm Beach County, Florida.

5. Defendant Russo Securities, Inc. ("Russo Securities") is a foreign corporation that at all times material to this action conducted business in Palm Beach County, Florida.

6. Defendant, the Estate of Patrick Russo, is sued as representative of the late Patrick Russo, a former resident of the State of New York, who at all times material to this action acted as an agent for Karvi and Russo Securities.

7. Defendant Ferdinand Russo is a resident of the State of New York, who at all times material to this action acted as an agent for Karvi and Russo Securities as the vice president, secretary and treasurer of Russo Securities.

8. Defendant Richard Russo is a resident of the State of New York, who at all times material to this action acted as an agent for Karvi and Russo Securities as their vice president.

9. Defendant Lauren Russo is a resident of the State of New York, who at all times material to this action acted as an agent for Karvi and Russo Securities.

10. Defendant Vivian Zamost is a resident of the State of New Jersey, who at all times material to this action acted as an agent for Karvi, Russo Securities and Karlton Zamost.

11. Defendant Karlton Zamost is a resident of the State of New Jersey, who at all times material to this action acted as an agent for Karvi and Russo Securities.

Client#99999.001 Doc#247234.1

2

12. Karvi and Russo Securities breached a contract by failing to perform acts required to be performed in Palm Beach County, Florida.

13. Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 each committed a tortious act in Palm Beach County, Florida.

14. Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 each purposefully availed themselves of the privileges and protections in the State of Florida by virtue of, among other things, their dealings with Atlas and S&A.

15. Venue is proper in this Court pursuant to Florida Statutes Sections 47.011, 47.041, 47.051, and otherwise.

## General Allegations-The Stock Purchase Agreement

16. On or about August 12, 1999, S&A, Atlas, Karvi, and Russo Securities entered into an oral stock purchase agreement ("Stock Purchase Agreement"), pursuant to which: (a) Karvi and Russo Securities agreed, through their agents including Defendants Patrick Russo, Karlton Zamost and Vivian Zamost, to pay and S&A and Atlas agreed to accept $450,000 for the purchase of 1,000,000 shares of The American Group, traded under the symbol "MOSS" previously transferred to Karvi and Russo Securities by S&A and Atlas; (b) Karvi and Russo Securities agreed to a schedule of payments under which $450,000 would be paid to Atlas and S&A for the benefit of Atlas and S&A by September 30, 1999; and (c) Karvi and Russo Securities agreed to return to Atlas and S&A any shares of MOSS (calculated at $.45 per share) not paid for by September 30, 1999.

17. Pursuant to the Stock Purchase Agreement, payment by Karvi and Russo Securities for the purchase of the MOSS shares was to be made by forwarding monetary payment to Manny J. Shulman, as agent of Atlas and S&A, in Boca Raton, Palm Beach County, Florida.

18. Atlas and S&A confirmed the terms of the Oral Stock Purchase Agreement in a memorandum (the "Stock Purchase Agreement Memorandum") dated August 13, 1999, and forwarded it to counsel for Karvi and Russo Securities, a copy of which memorandum is attached hereto as Exhibit "A".

19. In compliance with their obligations under the Stock Purchase Agreement and in partial performance thereof, Karvi and Russo Securities made partial payments of $55,000 to Atlas and S&A for their purchase of the 1,000,000 shares of stock in MOSS.

20. Demand has been repeatedly made, yet all Defendants, including Karvi and Russo Securities, have failed and refused to remit the $395,000 balance due to S&A and Atlas for Karvi and Russo Securities' purchase of 1,000,000 shares of MOSS.

21. Karvi, Russo Securities, Pat Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and other participants, including Christine Colangelo (50,000 shares), Angelo Coscia (44,000 shares), GALIT Capital, Inc. and its president Moses Mika (35,000 shares), Kimberly Kent (19,000 shares) and others including Casella Vendette and Vince Vendette conspired with Defendants to deprive S&A and Atlas of monies and/or securities rightfully belonging to S&A and Atlas and have failed and refused to return the MOSS shares for which they have not paid.

22. Karvi and Russo Securities breached the Stock Purchase Agreement by failing to pay for the 1,000,000 shares of MOSS.

23. All of the Defendants have, acting in concert, purposely deprived Plaintiffs Atlas and S&A of monies rightfully due the Plaintiffs.

## COUNT I - BREACH OF CONTRACT
### (Atlas and S&A v. Karvi and Russo Securities)

24. S&A and Atlas reallege paragraphs 1 through 23 above.

25. S&A and Atlas performed under the Stock Purchase Agreement by selling to Karvi and Russo Securities, and delivering to Russo Securities 1,000,000 shares of MOSS stock.

26. Karvi and Russo Securities breached the Stock Purchase Agreement by (i) failing and refusing to pay S&A and Atlas the payment due under the Stock Purchase Agreement on August 27, 1999, and all subsequent payments; and (ii) refusing to return the shares of MOSS for which they have not paid.

27. Karvi and Russo Securities owe S&A and Atlas $395,000, that is due under the Stock Purchase Agreement, together with interest thereon, from August 27, 1999.

28. As a result of Karvi and Russo Securities' breach of the Stock Purchase Agreement, Atlas and S&A have suffered substantial damages.

29. All conditions precedent to this cause of action have been performed or have occurred.

WHEREFORE, Atlas and S&A demand a judgment against Karvi and Russo Securities, jointly and severally, for damages and interest thereon or for restitution, together with the cost of prosecuting this action, and such additional relief as this Court deems appropriate.

## COUNT II - FRAUDULENT INDUCEMENT
### (Atlas and S&A v. All Defendants)

31. Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 fraudulently induced S&A and Atlas to enter into the Stock Purchase Agreement.

32. In order to induce S&A and Atlas to enter into the Stock Purchase Agreement, Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 misrepresented to Atlas and S&A that Karvi and Russo Securities would abide by the agreed upon terms of the Stock Purchase Agreement, including, among other things, remitting to Atlas and S&A all payments due under the Stock Purchase Agreement and/or returning any stock for which they did not pay.

33. The aforementioned misrepresentations made by Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 were all false at the time they were made.

34. Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost and Karlton Zamost all knew the aforementioned misrepresentations were false at the time they were made.

35. At the time of their misrepresentations, Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10, had no intention for Karvi, Russo Securities or themselves to pay all amounts due to Atlas and S&A under the Stock Purchase Agreement or for Russo Securities to return all the stock for which they had not paid. Instead, Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard

Shulman & Associates v. Karvi Corporation
Complaint

Russo, Lauren Russo, Karlton Zamost, Vivian Zamost and John Does 1 thru 10 fully intended for Russo Securities and themselves to reap the benefits of all 1,000,000 share of MOSS without ever having paid for all of them.

36. Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 intended for Atlas and S&A to rely on their misrepresentations.

37. In reliance on the representations by Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 that Karvi and Russo Securities would comply with the terms of the Stock Purchase Agreement, Atlas and S&A entered into the Stock Purchase Agreement and refrained from exercising their lawful right to rescind the previous transfer of the 1,000,000 shares of MOSS or otherwise pursue any other available legal remedies against Karvi and Russo Securities and all other Defendants who were unlawful recipients of the MOSS Stock owned by Atlas and S&A.

38. But for the representations by Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 that Karvi and Russo Securities would comply with the terms of the Stock Purchase Agreement, Atlas and S&A would not have entered into the Stock Purchase Agreement and would not have refrained from exercising their lawful right to rescind its previous transfer of the 1,000,000 shares of MOSS or otherwise pursue any other available legal remedies against Karvi and Russo Securities and the other Defendants.

39. As a direct and proximate result of having been fraudulently induced by Karvi, Russo

Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10 to enter into the Stock Purchase Agreement, S&A and Atlas have suffered substantial damages, including, consequential, lost opportunities, and loss of profits damages.

40. Karvi is responsible for the conduct of its agents, including, without limitation, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10.

41. Russo Securities is responsible for the conduct of its agents, including, without limitation, Karvi, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost and Karlton Zamost.

42. Atlas and S&A reserve the right to amend these pleadings, upon a reasonable showing pursuant to Florida Statutes Section 768.72, to include a claim to recover punitive damages and pursuant to Section 517.011 to include a claim for securities fraud.

43. All conditions precedent to this action have been performed, have occurred, or have been waived.

WHEREFORE, Atlas and S&A demand a judgment against Karvi, Russo Securities, Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10, jointly and severally, for damages and interest thereon or for restitution, together with the cost of prosecuting this action, and such additional relief as this Court deems appropriate.

## COUNT III - ACCOUNT STATED
(Atlas and S&A v. Karvi, Russo Securities, Vivian Zamost and Karlton Zamost)

44. Atlas and S&A reallege paragraphs 1 through 23 above.

Shulman & Associates v. Karvi Corporation
Complaint

45. Prior to the institution of this action, Atlas, S&A, Karvi, and Russo Securities had business transactions among them, and on or about August 13, 1999, they agreed to the resulting balance due to Atlas and S&A for Karvi and Russo Securities' purchase of 1,000,000 shares of MOSS.

46. Atlas and S&A rendered the Stock Purchase Agreement Memorandum as a statement to Karvi and Russo Securities of the outstanding balance due to Atlas and S&A for Karvi and Russo Securities' purchase of 1,000,000 shares of MOSS.

47. Vivian Zamost and Karlton Zamost are agents of Karvi and acted in their individual capacity and as agent for Karvi in the matters that are the subject of this action.

48. Neither Karvi nor Russo Securities objected to the Stock Purchase Agreement Memorandum. In fact, the Stock Purchase Agreement Memorandum was confirmed by Patrick Russo, Vivian Zamost and Karlton Zamost.

49. Karvi and Russo Securities owe Atlas and S&A $395,000, that is due with interest since August 27, 1999, on Karvi and Russo Securities' account with Atlas and S&A.

50. All conditions precedent to this cause of action have been performed or have occurred.

WHEREFORE, Atlas and S&A demand a judgment against Karvi, Russo Securities, Vivian Zamost and Karlton Zamost jointly and severally, for damages and interest thereon or for restitution, together with the cost of prosecuting this action, and such additional relief as this Court deems appropriate.

## COUNT IV - GOODS SOLD

### (Atlas and S&A v. Karvi and Russo Securities)

51. Atlas and S&A reallege paragraphs 1 through 23 above.

52. Karvi and Russo Securities owe Atlas and S&A $395,000 that is due with interest since August 27, 1999, for the 1,000,000 shares of MOSS sold to Karvi and Russo Securities and delivered to Russo Securities by Atlas and S&A before August 12, 1999.

53. All conditions precedent to this cause of action have been performed or have occurred.

WHEREFORE, Atlas and S&A demand a judgment against Karvi and Russo Securities, jointly and severally, for damages and interest thereon or for restitution, together with the cost of prosecuting this action, and such additional relief as this Court deems appropriate.

### COUNT V - UNJUST ENRICHMENT
### (Atlas and S&A v. All Defendants)

54. Atlas and S&A reallege paragraphs 1 through 23 above.

55. By virtue of the 1,000,000 shares of MOSS delivered to Karvi and Russo Securities by Atlas and S&A, Karvi and Russo Securities obtained significant benefits. By virtue of the transfer by Karvi and Russo Securities to Patrick Russo, Ferdinand Russo, Richard Russo, Lauren Russo, Vivian Zamost, Karlton Zamost and John Does 1 thru 10, Atlas and S&A have been damaged and the Defendants have improperly received a windfall that they cannot be permitted to retain. The Defendants knew at the time of the transfer that they were perpetrating a fraud on Plaintiffs.

56. Atlas and S&A would not have delivered the 1,000,000 shares of MOSS to Russo Securities without the expectation that Atlas and S&A would receive just compensation therefor.

57. It is unjust and improper for Defendants to retain the benefits of the 1,000,000 shares of MOSS without fair and appropriate compensation being paid to Plaintiffs based on the value of the benefits conferred by those shares.

58. Defendants have therefore been unjustly enriched at Plaintiffs' expense.

59. As a direct and proximate result of the unjust enrichment of Defendants, at Plaintiffs' expense, Plaintiffs are entitled to contractual damages or restitution for the benefits obtained by Defendants by virtue of the transfer of the 1,000,000 shares of MOSS to them.

60. All conditions precedent to this cause of action have been performed or have occurred.

WHEREFORE, Atlas and S&A demand a judgment against Defendants for damages and interest thereon or for restitution, together with the cost of prosecuting this action, and such additional relief as this Court deems appropriate.

### JURY DEMAND

Plaintiffs Atlas Marketing Associates Limited and M.J. Shulman, Inc. hereby demand a trial by jury of all issues triable of right by a jury.

TEW CARDENAS REBAK KELLOGG
LEHMAN DeMARIA & TAGUE, L.L.P.
Attorneys for Plaintiffs
Miami Center, 26th Floor
201 South Biscayne Boulevard
Miami, Florida 33131-4336
Telephone: 305.536.1112
Facsimile: 305.536.1116

By: _____
MARK P. RAYMOND
Florida Bar No. 373397

10/18/2000 16:38  17184486001   RUSSO SECURITIES INC   PAGE 09

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

**GENERAL CIVIL DIVISION**

**CASE NO. CL 00-9042 AN**

M.J. SHULMAN, INC., d/b/a SHULMAN &
ASSOCIATES, and ATLAS MARKETING ASSOCIATES
LIMITED,

      Plaintiffs,

vs.

KARVI CORPORATION, RUSSO SECURITIES, INC.,
THE ESTATE OF PATRICK RUSSO, FERDINAND
RUSSO, RICHARD RUSSO, LAUREN RUSSO, VIVIAN
ZAMOST, KARLTON ZAMOST and JOHN DOES
1 THRU 10,

      Defendants.
_____/

## NOTICE OF FILING OF EXHIBIT
## INADVERTENTLY OMITTED FROM COMPLAINT

PLEASE TAKE NOTICE that Plaintiffs, M.J. Shulman, Inc., d/b/a Shulman & Associates and Atlas Marketing Associates Limited, hereby file Exhibit A , which exhibit was inadvertently omitted from the Complaint.

Client#99999.001  Doc#247234.1

TEW CARDENAS REBAK KELLOGG LEHMAN DeMARIA & TAGUE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336

Shulman & Associates v. Karvi Corporation
Case No. CL 00-9042 AN

**TEW CARDENAS REBAK KELLOGG
LEHMAN DeMARIA & TAGUE, L.L.P.**
Attorneys for Plaintiffs
Miami Center, 26th Floor
201 South Biscayne Boulevard
Miami, Florida 33131-4336
Telephone: 305.536.1112
Facsimile: 305.536.1116

By: _____
MARK F. RAYMOND
Florida Bar No. 373397
MINDY L. PALLOT
Florida Bar No. 559260

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by U.S. Mail on this 17th day of October, 2000, to: Karvi Corporation by serving, Vivian Zamost as President, 6021 Main Street, Voorhees, New Jersey 02043; Russo Securities, Inc., by serving, Sheldon E. Goldstein, as Registered Agent, 1233 Flatbosh Avenue, Brooklyn, NY 11226; Karlton Zamost, 6021 Main Street, Voorhees, New Jersey 02043; Ferdinand Russo, Russo Securities, Inc., 128 Sand Lane, Staten Island, NY 10305-4543; and Richard A. Russo, Russo Securities, Inc., 128 Sand Lane, Staten Island, NY 10305-4543.

_____
MINDY L. PALLOT

# Memorandum of Understanding

| | |
|---|---|
| To: | Charles Manual - Attorney for<br>Russo Securities & Karvi Corporation |
| From: | Manny Shulman – President of Shulman & Associates and<br>Power of Attorney for Atlas Marketing |
| Date: | August 13, 1999 |
| Re: | Teleconference of August 12, 1999 with<br>Shulman & Associates, Karvi, Atlas & Russo |

---

This memo is intended to outline our oral agreement via a conference call on August 12, 1999.

> Karvi agrees to purchase 1,000,000 shares of The American Group, Inc. "MOSS" for 450,000.00 (.45 cents per share) (these shares have already been transferred to Karvi) as follows:
>
> Monday August 16, 1999 via AM FedEx, a check for $25,000.00
>
> $30,000.00 via wire transfer due on August 20, 1999
> $30,000.00 via wire, August 27, 1999
> $30,000.00 via wire, September 03, 1999
> $30,000.00 via wire, September 10, 1999
> $30,000.00 via wire, September 17, 1999
> $30,000.00 via wire, September 24, 1999
>
> The balance of $245,000.00 is due on September 30, 1999
>
> In the event the oral note is pre-paid on or before September 17, 1999, there will be an adjustment to the purchase price. The new price would be **$400,000.00 (.40 cents a share)**
>
> **In the event the weekly pay down is missed and not cleared by the following Monday by noon, than the whole note will become due.**
>
> In the event on September 30, 1999 the oral note is not satisfied, shares would be returned at .45 cents per share to offset the balance.
>
> > Example: Dollars delivered -   $225,000.00
> > Shares paid for –          500,000
> > Shares to be returned – 500,000
>
> Atlas and Shulman & Associates along with Russo and Karvi will all sign general releases.

**EXHIBIT**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of erk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

M.J. SHULMAN, INC., D/B/A SHULMAN & ASSOCIATES, and ATLAS MARKETING ASSOCIATES LIMITED,

## DEFENDANTS

KARVI CORPORATION, RUSSO SECURITIES, INC., THE ESTATE OF PATRICK RUSSO, FERDINAND RUSSO, RICHARD RUSSO, LAUREN RUSSO, VIVIAN ZAMOST, KARLTON ZAMOST AND JOHN DOES 1 THRU 10

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Palm Beach, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark F. Raymond, Esq./Mindy Pallot, Esq.
Tew Cardenas Rebak Kellogg Lehman, et.al.
201 S. Biscayne Blvd., Suite 2600, Miami, FL 33131
Phone No.: (305) 536-1112

ATTORNEYS (IF KNOWN) Jason S. Oletsky, Esq.
Kluger, Peretz, Kaplan & Berlin, P.A.
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
Phone No.: (305) 379-9000

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, (PALM BEACH,) MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1332 - Diversity of Citizenship alleging over $75,000.00 in damages.

**IVa.** 3-4 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | **PERSONAL PROPERTY** | ☐ 640 R R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. Original Proceeding
- ☒ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ $395,000.00

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE ____  DOCKET NUMBER ____

SIGNATURE OF ATTORNEY OF RECORD

10/23/00

UNITED STATES DISTRICT COURT
SJF 1-2
REV 9/94

FOR OFFICE USE ONLY: Receipt No. 830305
Amount: 150.00
M/ifp: ____